Filed 1/23/14  P. v. Salas CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B248461 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BA392205) |
| JAIME SALAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Jaime Salas, in pro. per.; and Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A neighbor called police after seeing Jaime Salas fire a semiautomatic handgun into the air. Salas refused to comply with the commands of responding officers and physically resisted their efforts to take him into custody.

An information charged Salas with discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a)),[1] possession of a firearm by a felon (§ 12021, subd. (a)(1)), and resisting, obstructing or delaying a peace officer (§ 148, subd. (a)(1)). The information specially alleged Salas had suffered two prior serious or violent felony convictions for robbery (a juvenile adjudication and an adult conviction) within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and one serious felony under section 667, subdivision (a)(1). Salas pleaded not guilty and denied the special allegations.

Prior to trial Salas filed motions to suppress evidence seized following a search of his apartment (§ 1538.5); bifurcate the trial of his prior conviction allegations; sanitize the prior felony conviction (robbery), which formed the basis for the charge of unlawful possession of a firearm by a felon; and preclude the People from introducing any photographs of, or otherwise referring to, the firearms found in his apartment. The trial court heard and granted these motions. Salas also moved to dismiss his prior strike convictions (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*); § 1385), which the court denied without prejudice, and to bifurcate trial on the charge of unlawful possession of a firearm by a felon and exclude evidence of police emergency calls, which the court heard and denied.

A jury convicted Salas on all counts. Salas waived his right to a jury on the prior conviction allegations. Following a bench trial the court found true the prior serious felony conviction allegations.

---

[1] Statutory references are to the Penal Code.

2

Salas renewed his *Romero* motion, and the trial court granted it as to the juvenile adjudication after Salas agreed to waive his right to challenge his sentence on appeal. The court then sentenced Salas to an aggregate state prison term of 12 years 4 months and a consecutive term of one year in county jail: Six years (the upper term of three years doubled under the three strikes law) for discharging a firearm with gross negligence, plus five years for the prior serious felony enhancement; a consecutive term of 16 months (one-third the middle term of two years doubled under the three strikes law) for unlawful possession of a firearm by a felon; and a consecutive term of one year in county jail for resisting, obstructing or delaying a peace officer. The court awarded Salas presentence custody credit of 924 days (462 actual days and 462 days of conduct credit). The court ordered Salas to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

## DISCUSSION

We appointed counsel to represent Salas on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On October 16, 2013 we advised Salas he had 30 days within which to personally submit any contentions or issues he wished us to consider. On October 28, 2013 we received a handwritten supplemental brief in which Salas challenged both his conviction, on the ground of ineffective assistance of counsel, and his sentence, asserting it violated section 654 and was improperly based on the use of his juvenile adjudication as a prior strike and otherwise constituted an abuse of discretion under *Romero*.

Salas's claims are without merit. The record fails to demonstrate defense counsel provided ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) As for Salas's claims of sentencing error, he waived his right to challenge his sentence on appeal. In any event, the record fails to support Salas's contention he was sentenced in violation of section 654 (see *People v. Latimer* (1993) 5 Cal.4th 1203, 1208) or the trial court abused its discretion under *Romero* (see

3

*People v. Meloney* (2003) 30 Cal.4th 1145, 1155).  Finally, contrary to Salas's assertion, the court dismissed his juvenile adjudication for robbery as a prior strike and did not consider it in imposing sentence.

We have examined the entire record and are satisfied Salas's counsel has complied fully with his responsibilities and no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.