Filed 7/22/14  P. v. Fainkina CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B251130 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA085985) |
| v. | |
| NATALYA FAINKINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael D. Carter, Judge.  Affirmed as modified.

Dee A. Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

During a parole search of Natalya Fainkina, police officers found stolen credit cards in her wallet. They also found a small plastic bag containing methamphetamine in her car. The People filed an information charging Fainkina with transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)) and theft of access cards or account information (Pen. Code, § 484e, subd. (d)) with special allegations she had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), had served six separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)) and had suffered one prior drug-related conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a). Fainkina pleaded not guilty and denied the special allegations.

Fainkina entered an open plea of no contest orally and in writing to both counts and admitted the prior strike and prior conviction allegations for an indicated sentence of seven years four months. At the time she entered her plea, Fainkina was advised of her constitutional rights and the nature and consequences of the plea, which she stated she understood. Defense counsel joined in the waivers of Fainkina's constitutional rights. The trial court expressly found Fainkina's waivers and plea were voluntary, knowing and intelligent.

The trial court scheduled a sentencing hearing and agreed to release Fainkina on her own recognizance under the terms of a *Cruz* waiver (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5). In accordance with that waiver, Fainkina acknowledged that she understood and agreed that if she appeared for sentencing, she would receive an aggregate state prison term of seven years four months and the one-year prior prison term enhancements would be dismissed, but that if she failed to appear for sentencing, she could receive a state prison term of up to 16 years four months at the trial court's discretion.

Fainkina did not appear for sentencing, and the trial court ultimately sentenced her to an aggregate state prison term of nine years four months: four years (two-year lower term doubled under the three strikes law) for transporting a controlled substance, 16 months (one-third the middle two-year term doubled) for theft of access cards or account

information, a consecutive term of three years for the prior drug conviction, plus one year for a prior prison term enhancement. The court stayed sentencing on the remaining prior prison term enhancements. The court awarded Fainkina presentence custody credit of 122 days and imposed statutory fees, fines and assessments.

Fainkina filed a timely notice of appeal, in which she claimed she "was not in her right mind" when she entered her plea, having ingested some medication; she was not guilty; and her attorney provided ineffective assistance. The trial court granted Fainkina's request for a certificate of probable cause without explanation. We appointed counsel to represent Fainkina on appeal.

After examination of the record counsel filed an opening brief in which no issues were raised. On February 21, 2014, we advised Fainkina she had 30 days within which to submit any contentions or issues she wished us to consider. After granting her several extensions of time, on June 16, 2014, we received a hand-printed three-page supplemental brief with exhibits, including correspondence from appellate counsel and a portion of the plea hearing transcript. Fainkina claimed these documents purportedly showed her prior strike conviction was to be "stricken rather than stayed," making her eligible for 50 percent conduct credits. Fainkina is mistaken; she admitted her prior strike conviction allegation, was sentenced accordingly and was therefore ineligible for 50 percent conduct credits. (See Pen. Code, § 667, subd. (c)(5).) However, the trial court erred in staying rather than striking the remaining Penal Code section 667.5, subdivision (b) prior prison term enhancements (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155-1156; *People v.* McCray (2006) 144 Cal.App.4th 258, 267). The judgment is modified to strike rather than stay the enhancements.

We have examined the entire record and are satisfied Fainkina's attorney has complied fully with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

3

## DISPOSITION

The judgment is modified to strike rather than stay the remaining one-year prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).  As modified the judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

4