Filed 8/22/24  P. v. Cordova CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>IVAN CORDOVA,<br><br>  Defendant and Appellant. | 2d Crim. No. B332883<br>(Super. Ct. No. 2023009826)<br>(Ventura County) |

Ivan Cordova was convicted after a jury trial of resisting an executive officer by force.  (Pen. Code,[1] § 69, subd. (a).)  The jury also found that Cordova had a prior strike conviction within the meaning of the "Three Strikes" law.  (§§ 667, subds. (c)(1), (e)(1); 1170.12, subds. (a)(1), (c)(1).)  The trial court sentenced Cordova to the middle term of two years doubled to four years for the prior strike.  We affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS

Cordova was in pre-trial custody at the Ventura County jail on an unrelated matter. Deputies conducted a search of the inmate's cells for contraband on April 22, 2023. It was discovered that Cordero had two towels, a minor infraction, and had been deceptive, a major infraction. Cordova was escorted to the recreation room where other inmates who were being cited for infractions were held.

Later Deputy Anthony Bavero was escorting Cordova and another inmate to a different section of the jail when the other inmate started arguing with Bavero. Cordova turned around to face Bavero, and said, "Fuck you, pussy." Cordova was clenching his fists, and Bavero thought he was ready to fight.

Bavero told Cordova to face the wall. Cordova refused. Bavero tried to grab Cordova's arms, but Cordova swatted Bavero's hands away. Cordova punched Bavero twice, one punch hitting Bavero's left ear. Bavero punched Cordova once in the forehead and once in the mouth. Deputy John O'Brien came to Bavero's assistance, kneeing Cordova in the stomach. Cordova struck O'Brien in his right eye.

### Defense

Cordova testified on his own behalf. He said he was leaving the jail recreation room when an inmate in front of him caused a disturbance. Bavero bumped into Cordova, grabbed him, and pushed him into the wall. Cordova pushed Bavero back and told Bavero not to push or disrespect him. Bavero told Cordova he was resisting and began punching him. Another deputy joined in and began punching Cordero. Cordero was trying to avoid being punched in the face. He did not intentionally strike any of the deputies.

2

## I. *Pitchess* Motion

Cordova made a motion pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The trial court granted the motion finding there was good cause to review the officers' personnel files for any complaints. The court reviewed the files in camera and found there was nothing to disclose. We conducted an independent review and conclude the trial court followed procedure. We affirm that there is nothing to disclose.

## II. *Romero* Motion

A violation of section 69, subdivision (a) can be either a misdemeanor or a felony. Here the offense was charged as a felony. A felony violation is "punishable by a term of imprisonment *in a county jail* for 16 months, or two or three years." (§ 1170, subd. (h)(1), italics added.) Section 1170, subdivision (h)(3) provides that when a defendant has a prior strike, however, "an executed sentence for a felony punishable pursuant to this subdivision shall be served in the state prison."

The trial court's tentative decision was to sentence Cordova to the middle term of two years, doubled to four years for a prior strike conviction.

Cordova has a prior strike for a first degree burglary. At sentencing, Cordova's counsel conceded that a prison sentence is appropriate, but requested that the trial court dismiss the prior strike in the interest of justice pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and sentence Cordova to 16 months. Cordova's counsel argued that except for the prior strike, Cordova's convictions were not for serious offenses. The prosecutor pointed out, only a county jail sentence is possible if the strike is dismissed.

3

In denying the *Romero* motion the trial court stated: "Doesn't quite add up. I appreciate that. I considered those matters with regard to history. Frankly that's the only reason I did not impose the high term as opposed to the midterm, some of the factors that were mentioned.

"In this instance the evidence was quite clear. It wasn't just a question of resisting arrest or failing to obey commands. He decided to punch a deputy multiple times in the head, and that's not something the Court is inclined to condone.

"I'll stick with my tentative. Probation is denied. Not only is he found statutorily ineligible, even if he was, the Court finds no reason in the interest of justice that it be allowed."

In aggravation, the trial court found Cordova had numerous prior convictions increasing severity.

## DISCUSSION

### *Romero* Relief not Appropriate

Cordova contends the trial court did not realize it had the discretion under *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th, to not impose the punishment that flows from a prior strike without dismissing the strike. (Citing *People v. Meloney* (2003) 30 Cal.4th 1145, 1155.)

But nothing in the record shows the trial court did not realize it had the discretion not to impose the punishment without dismissing the strike. The court was not asked to do so. It was only asked to dismiss the strike.

Cordova relies on the trial court's statement, "Doesn't quite add up." But the court was referring to defense counsel's concession that a prison term is appropriate and his quest to strike the prior strike. As the prosecutor pointed out, if the strike is dismissed, only a county jail term is allowed.

Moreover, the trial court stated that even if it had the power to dismiss the strike and send Cordova to prison, it would not do so. The court stated, "Not only is [Cordova] found statutorily ineligible, even if he was, the Court finds no reason in the interest of justice that it be allowed." There is every reason to believe that the court would not have dismissed the sentence resulting from the strike while retaining the strike. The court stated it was not inclined to condone punching a deputy multiple times in the head. The court was firm in its belief that four years is the appropriate sentence.

Finally, granting *Romero* relief would not be appropriate in this case. *Romero* relief is only appropriate where the court finds the defendant is outside the spirit of the Three Strikes law. (*People v. Vargas* (2014) 59 Cal.4th 635, 641.) The power to grant *Romero* relief should only be used in extraordinary circumstances when the ends of justice demand it. (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1105.)

Cordova has led a life of consistent criminality. The trial court described his crimes as increasing in severity. He has performed very poorly on probation and post release community supervision. In fact, he committed the present offense while on post release community supervision. A prior prison term did nothing to change his behavior. Cordova has exhibited the type of recidivist behavior that the Three Strikes law is intended for. He is well within the spirit of the Three Strikes law.

<u>Amendment to Abstract of Judgment</u>

Cordova contends that the abstract of judgment must be amended.

Cordova's conviction for violating section 69 is listed in the abstract of judgment as a serious felony. We agree with the

People that it is not a serious felony, and the abstract must be amended.

## DISPOSITION

The abstract of judgment is ordered corrected to reflect that Cordova was not convicted of a serious offense.  The clerk shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


BALTODANO, J.

6

David R. Worley, Judge

Superior Court County of Ventura

_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.