Filed 6/17/13  P. v. Rafferty CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GORDON RAFFERTY,<br><br>    Defendant and Appellant. | F064341<br><br>(Super. Ct. No. CRM008521)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Harry Jacobs, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne Le Mon and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Cornell, J. and Peña, J.

In case No. CRM008521, a jury convicted appellant, Gordon Rafferty, of three counts of home invasion robbery (counts 1-3/Pen. Code, § 211),[1] and one count of false imprisonment (count 4/§ 236) and found true an allegation that a principal was armed with a handgun (§ 12022, subd. (a)(1)). In a separate proceeding, the court found true an on-bail enhancement (§ 12022.1, subd. (b)).

On December 19, 2011, the court sentenced appellant to a 10-year term in the instant case and a concurrent two-year term in case No. CRM007430.

On appeal, Rafferty contends: 1) the findings and sentence on the on-bail enhancement are invalid and must be reversed; and 2) he was denied the effective assistance of counsel. We affirm.

## FACTS

### *The Substantive Offenses*

On February 2, 2010, Rafferty and at least two other men forced their way into a home in Winton. After binding and blindfolding the occupants, Rafferty and his confederates took numerous valuables from the residence, including a truck. At least one man was armed with a handgun.

On February 8, 2010, in a recorded conversation, Rafferty told his ex-wife, "I got involved in somethin[g] I shouldn't have." He also admitted being present during the home invasion robbery and restraining the victims with duct tape and zip ties.

### *The On-Bail Enhancement*

The on-bail enhancement was included in each count of the information and it alleged that Rafferty committed the underlying offense while released on bail or on his own recognizance in case No. CRM007430.

On August 17, 2010, the court granted defense counsel's request to bifurcate the trial of the on-bail enhancement.

---

**1** All further statutory references are to the Penal Code, unless otherwise indicated.

On October 28, 2011, after denying Rafferty's motion for a new trial, the court turned to the on-bail enhancement and stated it believed the prosecutor was going to submit evidence on the enhancement prior to Rafferty being sentenced. During a discussion on the enhancement, the court took judicial notice that on March 9, 2010, in case No. CRM007430, Rafferty entered a plea to possession of methamphetamine. It also took judicial notice of the file in that case, including minute orders that showed that in case No. CRM007430 Rafferty was released on his own recognizance when he committed the underlying offenses in the instant case.[2] Defense counsel then submitted the matter. Although the court neglected to expressly find the on-bail enhancement true, it then sentenced Rafferty to an aggregate term of 10 years that included a two-year on-bail enhancement.

On December 19, 2011, at a hearing that was scheduled to update Rafferty's credits, the following colloquy occurred:

> "THE COURT: [¶]… [¶] For the history of this case, it appears that for some reason the court trial on the [on-bail enhancement], was not heard or not recorded properly, and that's just the court trial that was stipulated that it could occur on [the on-bail enhancement]. … [¶] Now I understand there will be a stipulation by counsel that [the on bail enhancement] is true. [¶] [Defense Counsel] is that correct?
>
> "[DEFENSE COUNSEL]: Yes. [¶] … [¶]
>
> "[PROSECUTOR]: Yes, your Honor. We'd stipulate as well."

After Rafferty acknowledged he understood that with the stipulation the court would find the enhancement true without a court trial, the court expressly found the on-bail enhancement true.

---

**2**    Rafferty did not object to the discharge of the jury or to the commencement of the court trial on the on-bail enhancement.

## DISCUSSION

Rafferty relies on *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] to contend he had a constitutional right to a jury trial on the on-bail enhancement and that defense counsel's stipulation to the truth of this enhancement was invalid because he did not waive this right. Rafferty also contends his defense counsel provided ineffective representation when he stipulated to the truth of the enhancement. We reject these contentions.

> "In *Apprendi* [*v. New Jersey* (2002)] 530 U.S. 466[, 120 S.Ct. 2348], the court stated: 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation.]

> "The California Supreme Court has 'rejected a narrow or literal application of the [United States Supreme Court's] reference to "the fact of a prior conviction."' (*People v. Towne* (2008) 44 Cal.4th 63, 79 ….) In *Towne,* the court held that the aggravating circumstances that a defendant 'served a prior prison term' [citation], 'was on probation or parole when the crime was committed' [citation], or whose 'prior performance on probation or parole was unsatisfactory' [citation] may be determined by a judge rather than a jury. [Citation] In *People v. McGee* (2006) 38 Cal.4th 682 …, the court held that, consistent with *Apprendi,* a trial court may determine whether a prior conviction qualified as a conviction of a serious felony. [Citation.] In *People v. Black* (2007) 41 Cal.4th 799 …, the court held that the trial court, not the jury, decides whether a defendant's prior convictions are numerous and of increasing seriousness [citation]. [Citation.]

> "Similarly, the appellate court in *People v. Thomas* (2001) 91 Cal.App.4th 212 … held that the court, not a jury, determines whether a defendant has served a prior prison term within the meaning of section 667.5, subdivision (b). [Citation.] *Thomas* was cited with approval in *Black, supra*, 41 Cal.4th at page 819, *Towne, supra*, 44 Cal.4th at pages 79-80, and *McGee, supra*, 38 Cal.4th at pages 700-702.

> "The bases for the above holdings were, in general, that the aggravating factors were all related to 'the fact of a prior conviction' by their recidivistic nature, rather than to the conduct involved in the charged offense(s), and that such factors could be proven by reliable documentation, such as court records. [Citations.]

4

"Section 12022.1 is a recidivist statute—it enhances punishment based upon the defendant's commission of another offense while on bail for a previous offense. (*People v. Walker* (2002) 29 Cal.4th 577, 589 … ['a section 12022.1 enhancement turns on the status of a defendant as a repeat offender, not on what the defendant did when committing the current crime, i.e., secondary offense'].)

"The only difference between a defendant who commits a felony offense while on probation or parole and a defendant who commits a felony offense while on bail for another felony offense is the timing. In the former circumstance, the prior conviction (primary offense) has already occurred. The distinction is insignificant because in the latter circumstance the defendant cannot be punished until he is convicted of the primary offense. Of course, in both circumstances, additional punishment requires a conviction of the second charged offense.

"Because section 12022.1 is an enhancement statute that, like the foregoing examples, penalizes recidivist conduct and does not relate to the commission of either the primary or secondary offense, defendant is not entitled to a jury trial on its truth." (*People v. Johnson* (2012) 208 Cal.App.4th 1092, 1099-1100, fns. omitted.)

In *People v. French* (2008) 43 Cal.4th 36, 46, the California Supreme Court held, "The requirement of an express waiver applies to the constitutional right to a jury trial, but not to jury trial rights that are established only by statute."

Further, in *People v. Vera* (1997) 15 Cal.4th 269 (*Vera*) the defendant did not personally waive his statutory right to a jury trial on a prior prison term enhancement. (*Id.* at pp. 271–272.) The trial court, nevertheless, discharged the jury and proceeded to conduct a court trial on the allegations. (*Id.* at p. 272.) The California Supreme Court held the defendant's claim of error on this ground was precluded on appeal since the defendant had failed to object or otherwise assert his right to have the jury make the requisite determination. (*Id.* at p. 281.) In rejecting the argument that it was necessary for defendant to personally and expressly waive the statutory right to a jury trial, the court held that "the requirement of an express, personal jury trial waiver relates solely to the jury trial right guaranteed by the Constitution" and not to situations in which the right to trial is merely statutory. (*Id.* at pp. 277-278.) The court explained that since "the

5

deprivation of the statutory right to jury trial on the prior prison term allegations does not implicate the state or federal constitutional right to jury trial," defendant's claim of ineffectual waiver of the jury trial was precluded on appeal "[a]bsent an objection to the discharge of the jury or commencement of court trial .…" (*Id.* at p. 278.)

Applying these principles to the instant case, we conclude Rafferty had only a statutory right to a jury trial on the on-bail enhancement and that he forfeited this right by his failure to object to the discharge of the jury in this matter or to the commencement of the court trial of the on-bail enhancement.

Moreover, during Rafferty's sentencing hearing on October 28, 2011, the trial court took judicial notice of the record of his conviction in case No. CRM007430. This included documents that showed Rafferty was convicted of possession of methamphetamine and that he was released from custody on the date he committed the offenses in the instant case (CRM008521). Although the court did not expressly find the on-bail enhancement true, by imposing a two-year term on the enhancement it "impliedly--but sufficiently--rendered a finding of true" on the on-bail enhancement. (*People v. Chambers* (2002) 104 Cal.App.4th 1047, 1050-1051, *People v. Clair* (1992) 2 Cal.4th 629, 691, fn. 17.)

To prevail on a claim of ineffective assistance of counsel, a defendant must establish his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1007.) "In considering a claim of ineffective assistance of counsel, it is not necessary to determine ""'whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies .… If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."' [Citations.]" (*Id.* at p. 1008.)

6

Since the court found the on-bail enhancement true based on the records it took judicial notice of at Rafferty's sentencing hearing on October 28, 2011, Rafferty was not prejudiced by defense counsel's stipulation to the truth of this enhancement at the December 19, 2011 hearing. Rafferty has not shown or even argued how he was prejudiced by his trial counsel's stipulation. Accordingly, we also reject Rafferty's ineffective assistance of counsel claim.

## DISPOSITION

The judgment is affirmed.

7