Filed 8/24/15  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C077614 |
| Plaintiff and Respondent, | (Super. Ct. No. SF111178B) |
| v. | |
| VANDELL JOHNSON, JR., | |
| Defendant and Appellant. | |

This is the second appeal by defendant Vandell Johnson, Jr., following jury verdicts finding him guilty of two counts of robbery.  In his first appeal, we affirmed his convictions but remanded for retrial on the prior strike allegations and resentencing. (*People v. Johnson* (2012) 208 Cal.App.4th 1092.)  On remand, the trial court found two prior strike allegations true, declined to exercise its discretion to dismiss either strike, and sentenced defendant to two consecutive 25-years-to-life terms.

Defendant appeals.  He contends (1) the strike priors must be stricken because he did not waive his right to a jury determination of their truth; (2) the prior strike findings must be stricken because, as juvenile adjudications, he was not afforded a jury trial on

1

their truth; and (3) the trial court erred in denying his request to dismiss one or more of his prior strikes. We shall affirm.

## BACKGROUND

We provide a summary of the procedural background of this case, omitting a recitation of the facts underlying the offenses because it is immaterial to the resolution of the issues on appeal.

Defendant and codefendant Rammel Barao were jointly charged with having murdered Juan Carlos Lorenzo in the course of robbing him, and with the robbery of Lorenzo and Lorenzo's companion, Domingo Moyotl. Each count alleged that Barao personally used a firearm and that defendant was armed with a firearm. It was further alleged that defendant had three prior strike convictions, all of which were incurred in juvenile court, and that defendant had committed the instant offenses while on bail for another offense.

Prior to the presentation of evidence, the trial court granted defendant's motion to bifurcate the trial of the prior convictions and the on-bail enhancements. In a joint trial by jury, defendant was acquitted of the murder and all lesser included offenses, but was found guilty of the two robberies; the armed enhancements were found not true. On September 3, 2010, after the jury had returned its verdicts, the court dismissed the jury. After the jury left the courtroom, defense counsel reminded the court that "we still need to do the issue of priors" and it was agreed the matter, including defendant's formal waiver of a jury trial, would be continued to October 18.

On October 18, 2010, defendant stipulated that the on-bail allegations were true. However, in our opinion in defendant's previous appeal, we concluded that no ruling on the priors was actually made on that date. Accordingly, we reversed and remanded for further proceedings so as to allow the People to proceed with proving the prior strike allegations. (*People v. Jenkins* (2006) 140 Cal.App.4th 805, 814-815.)

2

After issuance of the remittitur, defendant appeared with counsel and a jury trial on the prior strike convictions was set. On August 18, 2014, defense counsel explained that defendant had strategically decided to proceed with a court trial on the matter, and the trial court found two of the prior strike convictions to be true—both based on robbery adjudications arising from admissions taken on July 12, 2005.

On September 26, 2014, defendant filed a request to dismiss one or more of his prior strikes pursuant to Penal Code section 1385 and the authority set forth in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). In it, defendant argued the prior adjudications that formed the basis of his strikes were constitutionally infirm because he had not been adequately advised of the strike consequences of his admissions. The request included a declaration from defendant averring, among other things, that at the time he admitted having committed the two prior robbery offenses, he had been told he would be considered to have but a single prior strike conviction. He also averred that he was not informed of the consequences of having a prior strike conviction and was never told that a new felony conviction could result in a sentence of life in prison. He further stated he would not have admitted the robbery charges if he had known of the strike consequences. Defendant also proffered declarations from the attorneys who represented him during the course of the juvenile proceedings suggesting that defendant might have been misinformed regarding the strike consequences of his admissions. The request to dismiss his prior strikes also included arguments that the court should consider his two strike convictions as a single strike because the events giving rise to the adjudications were based on a single occurrence, and that his criminal record and personal history demonstrated he did not fall within the spirit of the "three strikes" law.

The trial court declined to consider the declarations regarding the validity of the juvenile adjudications, finding the alleged *Boykin-Tahl* violations were not among factors to be considered in exercising its discretion to dismiss prior strikes that had been found

3

true beyond a reasonable doubt.[1]  Thus, the trial court found the proffered declarations irrelevant to its decision whether to dismiss any or all of defendant's prior strikes.  The trial court then stated it had reviewed the probation officer's report in examining defendant's background, character, and prospects and concluded that, based on defendant's criminal history and the other information in the report, defendant falls within the scheme and spirit of the three strikes law.  Accordingly, the trial court declined to dismiss either of defendant's prior strikes.

Defendant was thereafter sentenced to two consecutive terms of 25 years to life in state prison.  Defendant raises several contentions regarding the use of his prior juvenile adjudications to enhance his sentence.

## DISCUSSION

### I

### *Right to Jury Trial on Prior Strikes*

Defendant contends that because he never waived his right to have a jury determine the truth of the alleged strike priors, they must be stricken and he must be resentenced accordingly.  Defendant acknowledges this issue has already been resolved against him by the California Supreme Court in *People v. Epps* (2001) 25 Cal.4th 19 (*Epps*).  He presumably raises the issue here to preserve it for federal appeal.

In *Epps*, *supra*, 25 Cal.4th at pages 23, 28-29, the Supreme Court concluded that there is no constitutional right to a jury trial on prior conviction allegations.  In *People v. McGee* (2006) 38 Cal.4th 682, 685-687, 699, the California Supreme Court reaffirmed that the court, not the jury, determines whether a prior proceeding "involves the type of qualifying prior conviction that authorizes increased punishment under the applicable sentencing statute." (*Id*. at p. 685.)  *Epps* and *McGee* remain binding on this court.  (*Auto*

_____

[1]  *Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274] (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

*Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity*).) Thus, because defendant had no constitutional right to a jury trial on the prior strike allegations and makes no claim of prejudice, the failure to obtain a jury trial waiver does not require reversal. (*Epps*, *supra*, 25 Cal.4th at pp. 28-30.)

## II

### *Prior Juvenile Adjudications as Strikes*

Defendant also contends, as he did in his previous appeal, that the trial court was prohibited from using his prior adjudications incurred in juvenile court to sentence him under the three strikes law because he was not afforded a jury trial on their validity, thereby denying him due process and the right to a jury trial as provided by the Sixth and Fourteenth Amendments to the United States Constitution. Defendant recognizes that the California Supreme Court has rejected his position in *People v. Nguyen* (2009) 46 Cal.4th 1007, 1028. Relying on the dissenting opinion of Justice Kennard in *Nguyen,* defendant urges *Nguyen* was wrongly decided. We are bound by the majority opinion and therefore reject defendant's contention. (See *Auto Equity*, *supra*, 57 Cal.2d at p. 455.)

## III

### *Denial of* **Romero** *Motion*

Finally, defendant argues the trial court erred in ruling on his request to dismiss one or more of his prior strikes. He argues that the court was required to consider the circumstances surrounding his decision to admit the prior juvenile adjudications and that the failure to do so resulted in error because the court did not then consider and balance all the relevant facts.

A trial court has the discretion to strike a prior serious felony conviction for purposes of sentencing only if the defendant falls outside the spirit of the three strikes law. (Pen. Code, § 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*); *Romero*, *supra*, 13 Cal.4th at pp. 529-530.) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and

5

prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.) The trial court's "failure to . . . strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

In connection with his request to have the court dismiss one or all of his prior strikes, defendant filed written points and authorities, along with a supporting declaration, claiming his juvenile adjudications that provided the basis for his prior strikes were invalid because his admissions to the offenses were not knowingly and intelligently made. Specifically, he argued that he had not been adequately informed of the strike consequences of his admissions. Defendant contends the trial court erred in finding the declarations irrelevant and in failing to consider those declarations in ruling on his request to strike the strike priors. We find no error.

As we explained in *People v. Strong* (2001) 87 Cal.App.4th 328, the striking of a prior serious felony conviction is not a routine exercise of sentencing discretion. It is an extraordinary exercise of discretion to determine that a defendant who falls within the letter of the three strikes law should be treated as if he or she has fewer prior convictions because, for appropriately considered reasons, he or she is deemed to be outside the spirit of the law. (*Id.* at pp. 337-338.)

A trial court may exercise its discretion to strike a recidivist finding if, *and only if*, a defendant can be "deemed outside the . . . spirit" of the statute, giving "preponderant weight" to inherent statutory factors (such as the background, character, and prospects of a defendant, as well as the nature and circumstances of the present and previous felony convictions) and ignoring any factors extrinsic to the statute. (*Williams*, *supra*, 17 Cal.4th at p. 161; see *id*. at p. 159.)

6

Here, the trial court correctly recited its inability to give weight to factors extrinsic to the three-strikes scheme, such as the reasons defendant decided to admit to his prior offenses or his beliefs regarding the future consequences of those admissions. The statutory scheme provides for consideration of the circumstances surrounding the prior convictions, not the circumstances under which defendant pleaded guilty to them (or here, admitted the allegations). Defendant's reasons for admitting his priors do not relate to the nature or circumstances of the offenses themselves. The alleged unconstitutionality of adjudications that remain intact, and have been previously found true, is not a factor intrinsic to the statute. Thus, the proffered declarations challenging the constitutionality of defendant's admissions were not relevant to the trial court's exercise of discretion to dismiss defendant's prior strikes.

Defendant also argues, in a single paragraph, that the trial court made "merely a conclusory, rote denial" of his request and provided only a "boilerplate statement justifying a preordained decision" without considering his background, character, and prospects as required.

As a preliminary matter, this argument is not subsumed in his heading, which reads: "The Circumstances Under Which a Defendant Admitted a Charge in a Prior Case Alleged to be a Strike Are Relevant to a Sentencing Judge's Exercise of Romero Discretion, and the Trial Court's Refusal to Consider the Declarations of the Defendant and His Prior Counsel in Exercising That Discretion Was Error." To the extent defendant is complaining that the trial court's statement in connection with its ruling does not sufficiently indicate the balancing and consideration of all the relevant factors, his failure to set forth his argument under a separate heading or subheading forfeits the claim. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830–1831, fn. 4.)

Furthermore, defendant has also forfeited any claim regarding the adequacy of the trial court's statement of reasons because he failed to object at sentencing. " 'An

appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or [forfeiture] . . . . Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial.' [Citation.] (Italics added [by *Doers*].)" (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1; see *In re S.B.* (2004) 32 Cal.4th 1287, 1293, fn. 2 [forfeiture is the correct legal term for loss of right based on failure to assert it in a timely fashion].)

Defendant made no objection to the trial court's reasoning in its denial of his request to dismiss his prior strikes by claiming that it was insufficiently specific or failed to indicate the balancing and consideration of his background, character, or prospects. As a result, his claim is forfeited on appeal. (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [failure to make timely assertion of a right before a tribunal having jurisdiction to determine it results in forfeiture of that right]; *People v. Walker* (1991) 54 Cal.3d 1013, 1023.)

In any event, any claim that the trial court's statement of reasons was inadequate fails on the merits. While Penal Code section 1385 requires that the court state its "reasons for the dismissal," there is no such requirement where the court *denies* a request to dismiss a prior strike. (Pen. Code, § 1385, subd. (a); see *Romero*, *supra*, 13 Cal.4th at p. 531; *People v. Orin* (1975) 13 Cal.3d 937, 945.) "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310, citing *People v. Kelley* (1997) 52 Cal.App.4th 568, 582.) The trial court was presented with a probation department report, an impassioned plea for leniency from defendant, and discussion

8

regarding defendant's character, background, and prospects at the hearing and in defendant's moving papers.  We infer that the court considered all of that information in its determinative process, as it said it did.

## DISPOSITION

The judgment is affirmed.


                                              RAYE            , P. J.


We concur:


          ROBIE         , J.


          DUARTE        , J.

9