Filed 8/11/21  P. v. Jansen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD JANSEN,<br><br>Defendant and Appellant. | C091973<br><br>(Super. Ct. No. CRF192208) |

After a jury found defendant Michael Edward Jansen guilty of multiple crimes, including second degree burglary, the trial court sentenced him to 11 years in state prison. On appeal, defendant contends the trial court committed sentencing error by:  (1) failing to recognize its discretion to strike a two-year enhancement; (2) refusing to strike a prior serious felony conviction for purposes of the three strikes law and a five-year enhancement; and (3) imposing costs without first determining defendant's ability to pay.

We affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

We need not discuss the underlying facts of defendant's crimes as they are not relevant to our resolution of this appeal.

A September 2019 information alleged defendant committed second degree burglary (Pen. Code, § 459; statutory section references that follow are to the Penal Code); grand theft of a firearm (§ 487, subd. (d)(2)); the crime of being a felon in possession of a firearm (§ 29800, subd. (a)(1)); the crime of being a felon in possession of ammunition (§ 30305, subd. (a)(1)); attempted taking or driving a vehicle (§ 664; Veh. Code, § 10851, subd. (a)); the crime of failure to appear after release upon his own recognizance (§ 1320, subd. (b)); and vandalism causing over $400 in damage (§ 594, subd. (b)(1)). The information also alleged that when defendant committed those crimes he had been released from custody in a different case (§ 12022.1), and that defendant suffered a prior serious felony conviction (§§ 667, subd. (e)(1), 1192.7, subd. (c)) in 2009 that also qualified as a prior serious felony conviction for purposes of the five-year enhancement contemplated by section 667, subdivision (a).

In March 2020, a jury found defendant guilty on all counts except for the Vehicle Code offense, and defendant admitted the prior serious felony conviction for purposes of subdivisions (a) and (e) of section 667.

As for the section 12022.1 enhancement, the trial court concluded that given our decision in *People v. Johnson* (2012) 208 Cal.App.4th 1092 (*Johnson*), defendant was not entitled to a jury resolution of the issue, and found the allegation true. The trial court said: "I . . . sent some information to the attorneys about the 12022.1 enhancement, specifically People versus Johnson . . . . So that's really the case that the [c]ourt is relying on," for the proposition that a defendant is not entitled to a jury trial on the truth of a section 12022.1 allegation.

In an April 2020 hearing, defense counsel expressed an intent to make a request under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, asking the trial court to strike the prior conviction enhancements.

At the beginning of the May 2020 sentencing hearing, the trial court stated that it had read and considered the pre-sentencing report prepared by a probation officer, and noted that though sentencing "was continued for [defense counsel] to look into filing any other motions," none had been filed. Defense counsel replied, "We informed [defendant] this morning that that did not get filed and he is willing to go forward regardless."

The probation officer's report explained that defendant "ha[d] eleven prior felony convictions and multiple prior misdemeanor convictions" "dating back to the 1980's." "The longest period he remained free from criminal justice intervention occurred after serving a prison term, between 2005 and 2009. The defendant was active on summary probation . . . when he committed the present offense."

The report detailed defendant's multiple convictions suffered after his 2009 serious felony (including commission of misdemeanors in 2010, 2015, and a felony in 2017).

The trial court imposed an aggregate sentence of 11 years in state prison, which resulted from a doubling of punishment for each offense, pursuant to the three strikes law (because of defendant's prior serious felony conviction), and included: (i) a five-year term for the prior serious felony enhancement; and (ii) a two-year term for the section 12022.1 enhancement.

Regarding imposition of the five-year enhancement, the trial court said: "Because there is a five-year prior, so that's that strike prior that was admitted as a five-year Prop 8 prior, *the [c]ourt has to impose five years.* The [c]ourt *does have* the authority to strike the five-year prior. The [c]ourt recognizes that I have that authority. I also recognize under *Romero* I have the ability to strike the prior under the three strikes sentencing scheme. [¶] The [c]ourt has reviewed the probation report and the history in this case.

3

Frankly, I find no factors. He's within the scheme of three strikes. There is no reason to exercise discretion under *Romero* and I don't find any factors to strike the five-year prior." (Italics added.)

Regarding imposition of the section 12022.1 enhancement, the trial court said: "Now in addition, the [c]ourt also has to add two years for the 12022.1 enhancement as well."

As for costs, the trial court imposed the statutory minimum restitution fine of $300 (§ 1202.4), a stayed parole revocation restitution fine of $300 (§ 1202.45), a court operations assessment of $240 (§ 1465.8), and a conviction assessment of $180 (Gov. Code, § 70373).

Defense counsel made no objections at sentencing.

This appeal followed.

## DISCUSSION

As earlier noted, the defendant argues the trial court erred when it: (1) "failed to recognize its discretion to strike" the section 12022.1 enhancement; (2) refused to strike his prior conviction for sentencing purposes; and (3) imposed costs without first determining defendant's ability to pay (relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*)).

The People argue defendant forfeited these claims on appeal by failing to raise them in the trial court. In his reply brief, defendant maintains he did not forfeit the first two claims, but is silent on the question whether he forfeited his *Dueñas* claim.

We conclude defendant's section 12022.1 and *Dueñas* claims are forfeited on appeal, and his remaining claim is unpersuasive.

4

# I

## *The 12022.1 Enhancement*

Section 12022.1, subdivision (b) provides: "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court."

A trial court may strike the enhancement pursuant to section 1385, in furtherance of justice. (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155-1156.)

"In making sentencing choices, the trial judge is confronted with a maze of statutes and rules, the intricacy of which rival the Internal Revenue Code. By reason of this complexity and the ever-changing guidelines, sentencing error is not uncommon. In an effort to avoid error, it is therefore reasonable to place the obligation to formulate specific objections squarely on defense counsel, and not on the judge." (*People v. De Soto* (1997) 54 Cal.App.4th 1, 9.) Therefore, "claims of error in the trial court's exercise of its sentencing discretion are . . . forfeited if not raised at the sentencing hearing." (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)

Here, we agree with the People that defendant's claim of sentencing error vis-à-vis imposition of the section 12022.1 enhancement is forfeited on appeal, as it was not raised below.

Defendant maintains that his claim is not forfeited because a trial court "cannot properly exercise its discretion if it does not fully understand the scope of that discretion," and "the record in this case gives no indication the court was aware of its discretion" to strike the enhancement. We disagree.

The record reflects that the trial court conducted its own research regarding the section 12022.1 enhancement and shared with the parties our decision in *Johnson*. In that case, in addition to holding that a defendant is not entitled to a jury ruling on the question

5

of the truth of a section 12022.1 allegation (the proposition that the trial court invoked here), we twice referred to a trial court's discretion to strike the enhancement pursuant to section 1385. (See *Johnson, supra*, 208 Cal.App.4th at p. 1097, fn.3; *id.* at p. 1098.)

Because we must indulge in every presumption to uphold a judgment on appeal (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12) we presume the trial court -- having read *Johnson* -- understood it had discretion to strike the enhancement. Thus, because defendant has not carried his burden to affirmatively demonstrate the trial court was unaware it had that discretion (*ibid.*), this claim is forfeited.

We are not persuaded by defendant's contention that the trial court's statement that it "ha[d] to add two years for the 12022.1 enhancement" is an affirmative demonstration the trial court was unaware of its discretion. This is so, because as the People observe, the trial court used similar phrasing when it explained its discretionary decision not to strike the five-year enhancement, saying: "[T]he *[c]ourt has to impose five years*. The [c]ourt *does have* the authority to strike the five-year prior. The [c]ourt recognizes that I have that authority." (Italics added.)

II

*The Prior Conviction*

While the record reflects that defendant never explicitly asked the trial court to strike his prior serious felony conviction for purposes of the three strikes law or the five-year enhancement pursuant to section 667, subdivision (a), we conclude the trial court's apparently sua sponte discussion of the reasons why it declined to strike the prior conviction is sufficient for defendant to raise the issue on appeal.

The Three Strikes Law

The three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) uses a defendant's status as a recidivist to separately increase the punishment for each new felony conviction. (*People v. Williams* (2004) 34 Cal.4th 397, 404 (*Williams*).) In

6

considering a *Romero* motion to dismiss a prior strike conviction allegation, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the trial court's denial of a *Romero* motion for abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).)

Here, the trial court was within its discretion in concluding that defendant did not fall outside the spirit of the three strikes scheme given his extensive and long-running criminal history, including commission of the instant crimes while released from custody in a separate case. The trial court's decision was not so irrational or arbitrary that no reasonable person could agree with it. (*Carmony, supra*, 33 Cal.4th at p. 377.)

The Prior Serious Felony Enhancement

Defendant argues that the trial court abused its discretion in failing to dismiss the prior serious felony five-year enhancement, because, inter alia, "at the time of sentencing, [defendant] was 51 years old," and "[h]is strike occurred almost 10 years before the current charges."

The decision not to strike the five-year enhancement for a prior serious felony is distinct from the decision not to strike a prior "strike" conviction for purposes of the three strikes sentencing scheme. (See *People v. Bell* (2020) 47 Cal.App.5th 153, 200; cf. *Williams, supra*, 34 Cal.4th at pp. 401-405 [discussing the different statutory and policy backdrops of § 667, subd. (a) and the three strikes law].) But we still apply the same abuse of discretion standard of review. (*Carmony, supra*, 33 Cal.4th at p. 375.)

7

Here, in light of our Supreme Court's recognition that when the section 667, subdivision (a) enhancement was added to the Penal Code, "[t]he voters' intent 'was to increase sentences for recidivist' " *serious felony* offenders (*Williams, supra*, 34 Cal.4th at p. 404), and given that one of defendant's instant crimes of conviction -- grand theft of a firearm -- is a serious felony (§ 1192.7, subd. (c)(26)), we conclude the trial court's decision not to strike defendant's prior serious felony conviction was *not* "so irrational or arbitrary that no reasonable person could agree with it." (*Carmon*y*, supra*, 33 Cal.4th at p. 377; cf. *People v. Taylor* (2020) 43 Cal.App.5th 1102, 1113-1114 [affirming trial court's refusal to strike prior felony conviction for purposes of § 667, subd. (a) even though the conviction was from 1993 and defendant was 55 years old and in poor health at sentencing].)

## III

### *Dueñas*

Invoking *Dueñas*, defendant argues the trial court violated due process principles by imposing costs without first determining defendant's ability to pay. He argues we should remand to "allow [defendant] the opportunity to show he does not have the present ability to pay the fines and fees."

We agree with the People that this claim is forfeited on appeal, as defendant could have raised it at sentencing.

Defendant was sentenced months after *Dueñas* was decided, but he did not raise it, or assert his inability to pay the imposed costs, at sentencing. Under the circumstances, defendant forfeited his challenge to the costs imposed.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.